IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARDIS ROY MELTON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-0856-M |
| | § | |
| AMERICAN CIVIL LIBERTIES | § | |
| UNION, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is an unspecified civil action brought by Ardis Roy Melton, a resident of Dallas, Texas, against the American Civil Liberties Union ("ACLU") and its affiliate attorneys. On May 14, 2007, plaintiff filed a one-page complaint generally accusing the ACLU of being a front for the "Communist Government of Russia." Because the court was unable to decipher the precise nature of his claims, written interrogatories were sent to plaintiff in order to obtain additional information about this suit. Plaintiff answered the interrogatories on July 5, 2007. The court now determines that this case should be summarily dismissed as frivolous.

II.

Plaintiff alleges that the ACLU and its attorneys, acting as unregistered Russian agents, have violated his civil rights and those of other Americans by using the courts to attack the United States Constitution and set up a Communist government. Attached to plaintiff's complaint and interrogatory answers is a brochure entitled "ACLU Fulfilling Communist Agenda," which accuses the ACLU of seeking to impose minority rule through the courts, attacking the Boy Scouts of America, defending child molesters, and promoting legislation to have private property rights revoked. The brochure also includes a quote from Bill O'Reilly of the Fox New Channel, commenting that "[f]ew Americans realize how radical the ACLU has become and the threat it poses to liberty." Swayed by this inflammatory rhetoric, plaintiff brings this action to obtain an injunction prohibiting the ACLU from filing any further pleadings or lawsuits in state or federal court and to place all pending litigation on hold.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to

state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Plaintiff does not present a logical set of facts to support any claim for relief. Instead, his complaint recites fantastic charges which are fanciful and delusional in nature. Dismissal is clearly warranted under these circumstances. *See, e.g. Johnson v. Drug Enforcement Agency*, 3-04-CV-0410-G, 2004 WL 813214 (N.D. Tex. Apr. 14, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 948265 (N.D. Tex. May 3, 2004) (Fish, J.) (dismissing complaint alleging that DEA implanted a radio transmitter beneath plaintiff's scalp and forced him to ingest various chemical and sleep-inducing drugs); *Daniel v. FBI*, 3-03-CV-1281-N, 2003 WL 21436479 (N.D. Tex. Jun. 17, 2003) (Kaplan, J.), *rec. adopted*, 2003 WL 21555130 (N.D. Tex. Jul. 8, 2003) (Godbey, J.) (dismissing complaint alleging that FBI stalked, harassed, and tried to poison plaintiff because she ran as a write-in candidate for President of the United States); *Decker v. Fleming*, 3-02-CV-2075-P, 2002 WL 31548766 (N.D. Tex. Nov. 2, 2002) (Kaplan, J.) (dismissing complaint alleging that federal prison officials opened-up plaintiff's mind "where they could listen to my thinking in Psychology Dept.").

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 17, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE